UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID J. CORNELL, | Case No. 2:19-00104-APG-PAL |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | (IFP App – ECF No. 1) |
| Defendant. | |

Plaintiff David J. Cornell has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a proposed Complaint (ECF No. 1-1). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

I. *IN FORMA PAUPERIS* APPLICATION

Mr. Cornell's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed Complaint.

II. SCREENING THE COMPLAINT

A. Legal Standards

Federal courts must screen any IFP complaint or amended complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil

Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint). When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id*. at 679–80.

Here, Mr. Cornell challenges a decision by the Social Security Administration ("SSA") denying him disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Compl. ¶ 1. To state a valid benefits claim, a complaint must give the Commissioner fair notice of the plaintiff's claim and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *E.g.*, 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disability Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

- 2 -

exhausted her administrative remedies and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (social security appellants "must not treat the matter as a simple formality" by submitting "extremely perfunctory" allegations in a complaint for judicial review), *aff'd*, 433 F. App'x 462 (7th Cir. 2011); Soc. Sec. Disability Law & Pro. § 9:8 (Apr. 2018 update) ("The complaint must include a statement as to *what the Commissioner did that was wrong, and why it was wrong*." (emphasis added)).

### B. Exhaustion of Administrative Remedies

Before a plaintiff can sue the Commissioner in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481.

A civil action for judicial review must be filed within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received by mail within five days of the date on the notice unless shown otherwise. 20 C.F.R. §§ 416.1401, 422.210(c). Thus, an action commenced within 65 days is presumed timely. *Id.* If a claimant does not file a civil action within the allowed time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). The civil action must be filed in the judicial district in which the claimant resides. 42 U.S.C. § 405(g).

In this case, Mr. Cornell alleges that on September 24, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner.

Compl. ¶ 7. He further alleges that counsel requested a 60-day extension of time to file a civil action. The Complaint was filed on January 17, 2019. Thus, for screening purposes, it appears that Cornell has exhausted his administrative remedies and timely commenced this action. The Complaint also indicates that he resides within the District of Nevada. *Id*. ¶ 5. Accordingly, he has satisfied these prerequisites for judicial review.

### C. Grounds for Mr. Cornell's Appeal and the Nature of the Disability

The Complaint seeks judicial review of the Commissioner's final decision to deny benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Cornell contends that the ALJ's decision is not supported by substantial evidence and contains errors of law. Compl. ¶ 9(a). He also alleges that the Appeals Council erred in declining to review the adverse decision. *Id*. ¶ 9(b). Thus, he asks the court to reverse the Commissioner's final decision or, alternatively, to remand this case for further proceedings.

The Complaint presents a cursory allegation that the decision to deny Cornell benefits was wrong, but the pleading lacks a clear statement as to *what the ALJ did that was wrong*, and *why it was wrong*. Cornell merely recites general standards that govern the court's review of an ALJ's decision and common buzz words and phrases in social security appeals (*e.g.*, substantial evidence, errors of law). Additionally, Cornell has not stated the nature of his disability or alleged when it commenced. Rule 8's pleading standard requires more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the decision was wrong and failing to describe the underlying reasons why is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Starr*, 652 F.3d at 1216. Accordingly, the Complaint fails to state a plausible claim, and Mr. Cornell will receive leave to amend by **March 13, 2019**.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff David J. Cornell's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. He will not be required to pay the $400 filing fee.
2. Mr. Cornell is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of Court shall FILE the Complaint, but *SHALL NOT* issue summons.
4. The Complaint is **DISMISSED with leave to amend**. Mr. Cornell shall have until **March 13, 2019**, to file an amended complaint, if he believes he can correct the noted deficiencies.
5. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 13th day of February 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE