UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID J. CORNELL, JR.,<br><br>      Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>      Defendant | Case No.: 2:19-cv-00104-APG-BNW<br><br>**Order Granting Motion for Attorney's Fees**<br><br>[ECF No. 30] |

   Plaintiff David Cornell, Jr.'s attorneys move for an award of attorney's fees following their successful pursuit of an award of benefits for Cornell. No party opposed the motion, although the defendant filed an informative brief without taking a position on fees. I grant the motion.

   Cornell entered into a contingency fee agreement with his attorneys for 25% of any past-due benefits awarded upon a successful award. ECF No. 30-2. Cornell obtained an award of past-due benefits in the amount of $122,938. ECF No. 30-1.

   Under 42 U.S.C. § 406(b)(1)(A), when a claimant who is represented by counsel obtains a favorable court judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.*

   Although other fee-shifting schemes resort to use of the "lodestar" method to calculate a reasonable attorney's fee, § 406(b) is not a fee-shifting statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The statute requires the fee be taken from the claimant's award, not as an

additional recovery from the defendant. *Id.* Thus, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only statutorily-imposed constraint is that the fee agreement cannot "provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)(1)(A)).

Consequently, in Social Security cases, I begin with the contingency fee agreement and then "test[] it for reasonableness." *Id.* at 808. "[T]he question is whether the amount need[s to] be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). I may reduce the fee award "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Thus, I "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. I may "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Id.* (emphasis omitted).

The attorney seeking the fee award bears the burden of establishing the fee sought is reasonable. *Id.* at 1148. The award of fees under § 406(b) lies within my discretion. *Id.* at 1147.

Cornell's attorneys request the contingency amount of $30,734.50. They present evidence that counsel spent 34.25 hours on the case. ECF No. 30-4. There is no evidence of substandard performance. Rather, counsel obtained the favorable result of an award of substantial past benefits. There is no evidence counsel caused any delay to increase the contingent amount. Additionally, the fees are not excessively large in relation to the past-due benefits obtained for the claimant. The hourly rate would amount to approximately $897 per

hour. Given the risk of contingent fee arrangements, this hourly rate is not unreasonable. Cornell's attorneys therefore have met their burden of establishing a reasonable fee award in the amount of $30,734.50.

I previously granted the parties' stipulation to award Cornell $6,000 in attorney's fees under the Equal Access to Justice Act (EAJA). ECF No. 29. Cornell's attorneys must credit this amount against any fee awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796 (stating that a claimant may obtain fee awards under both § 406(b) and the EAJA but the attorney must refund the smaller fee amount to the claimant).

I THEREFORE ORDER that the motion for attorney's fees **(ECF No. 30) is GRANTED**. Plaintiff David Cornell's attorneys, Daley Disability Law, P.C., is awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $30,734.50.

I FURTHER ORDER Daley Disability Law, P.C. to reimburse plaintiff David Cornell the amount of $6,000.00 for EAJA fees previously paid by the Commissioner.

DATED this 14th day of September, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE